FILED '08 AUG 21 11:08 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK VOTH,

          Petitioner,       Civil No. 07-1260-TC

          v.            ORDER

GUY HALL, et al,

          Respondent.

COFFIN, Magistrate Judge.

    The only remaining claim in this 42 U.S.C. § 1983 action is plaintiff's claim for injunctive relief concerning his housing assignment in the proximity to other inmates who might physically assault him, Second Amended Complaint (#38) Claim One. See, Order (#53), p. 8.

    Plaintiff alleges in Claim One that defendants Hall,

1 - ORDER

Davis and Myrick "have a policy assigning plaintiff (who is 44 and a sex offender), to cells with 20 year old 'Gang Members' .... [that] "don't want to be in a cell with a sex offender" who have threatened plaintiff and forced him to "pay to have a seat to eat, walk in the yard." Plaintiff further alleges "[o]n October 23, 2007, the defendants had plaintiff assigned to Unit 9, Cell 6B, next door to inmate Leland Ward" who had previously threatened plaintiff, and that Inmate Ward assaulted him. Second Amended Complaint (#38) p. 2-3.

Defendants move to dismiss (#66) on the ground that plaintiff failed to exhaust his administrative remedies before commencing this action.

Defendants submitted the affidavit of Aleca Nelson (and exhibits thereto) in support of the motion to dismiss. Plaintiff also submitted affidavits and other exhibits in support of his Response (#73).

Fed. R. Civ. P. 12(b) provides: "If on a motion asserting the defense numbered 6 to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of provided in Rule 56, and all parties shall be

2 - ORDER

given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

However, in <u>Wayatt v. Terhune</u>, 315 F.3d 1108,1120 (9 $^{th}$ Cir. 2003), the Ninth Circuit Court of Appeals concluded that failure to exhaust administrative remedies is a defense that is properly raised by an "un-enumerated" Rule 12(b) motion to dismiss and that the court may look beyond the pleadings and take evidence while not converting the motion into one for summary judgment. <u>Id</u>. at 1119-20. In deciding a motion to dismiss for failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F. F.2d 365, 368 (9 $^{th}$ Cir. 1988 (per curiam).

If the district court concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. <u>Wyatt v. Terhune</u>, 315 F.3d 1108 (9th Cir. 2003).

The Prison Litigation Reform Act (PLRA) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available

3 - ORDER

are exhausted." 42 U.S. C. § 1997e(a);    <u>Porter v. Nussle</u>,

534U.S. 516, 531-32; <u>Booth v. Churner</u>, 532 U.S. 731 (2001). In

the Ninth Circuit, inmates are required to exhaust **all**

grievance remedies **prior** to filing a 1983 action, including

appealing the grievance decision to the highest level within

the grievance system. <u>Bennet v. King</u>, 293 F.3d 1096, 1098 (9th

Cir. 2002); <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir.

2002); <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1050 (9 [th] Cir.

2006). A prison grievance requirements define the boundaries

of proper exhaustion.  <u>Jones v. Bock</u>, 127 S.Ct 910 (2007).

Failure to comply with all important procedural aspects of an

institution's grievance system bars subsequent civil rights

litigation. <u>Woodford, et al. v. Ngo</u>, 126 S.Ct. 2378 (2006).

The Oregon Department of Corrections has a three-step

grievance system to address inmate complaints.  <u>See</u>, Oregon

Administrative Rules 291-109-0100 through 291-109-0190. It is

not necessary to review the details of the Oregon prison

grievance system in this case because as discussed below,

plaintiff did not commence or complete *any* of the grievance

process *prior* to filing his claim concerning his claim

concerning defendants' alleged housing assignment "policy" in

this action.

The relevant dates concerning plaintiff's Claim One are as follows:

August 2, 2007: Plaintiff filed a Complaint (#2) in this action alleging that he had been assaulted and forced to pay rent to other inmates at TRCI as a result of defendants "intentionally assigning" plaintiff to cells "with 20 year old kids" and "violent offenders" that "don't want to be in cells with sex offenders." Complaint (#2) p. 4A.

September 10, 2007: Plaintiff filed Grievance G07-09-08A (dated August 30, 2007) complaining that the Assignment Officer had assigned him to a cell with younger inmates who plaintiff felt were a threat to him and might assault him. The response to this grievance informed plaintiff that the cell assignments are made based on "DOC Cell Mate Program," a computer program that determines inmate compatibility based on various factors. Plaintiff was also informed that in making cell assignments the Assignment Office staff also takes into consideration any documented conflicts.

Plaintiff subsequently appealed the grievance response challenging the accuracy of the computer program used for cell assignments. The appeal was returned (denied) pursuant to OAR 291-109-0140(3)(f) on the ground that plaintiff had filed a

5 - ORDER

lawsuit regarding the matters at issue in the grievance.

November 2, 2007: Plaintiff filed Grievance G07-10-38A (dated October 27, 2007) complaining that he had been assigned to Unit 9 in a cell next to an inmate Leland Ward who had threatened to assault him. By this time, plaintiff had been assaulted (on October 23, 2007, allegedly by Inmate Ward) and had been transferred to the Oregon State Penitentiary.

On November 20, 2007, Captain Davis from the Assignment Office responded to plaintiff's grievance explaining that there was no documented conflict with Inmate Ward. Plaintiff appealed the response and January 24, 2008, Superintendent Hall denied plaintiff's grievance appeal. Plaintiff did not appeal the response he received from Superintendent Hall.

Plaintiff was returned to TRCI on February 13, 2008 and assigned to a cell on Unit 14. Plaintiff has not filed any further grievances regarding his cell assignment.[1]

February 28, 2008: Plaintiff filed an amended complaint

---

[1]On March 27, 2008, Assignment Captain Davis and Aleca Nelson met with plaintiff to discuss his concerns about two inmates in another cell that were threatening him and dictating what table plaintiff could sit at. Plaintiff had resolved the problem by the time of the meeting by moving to another table.

6 - ORDER

(#38)[2] alleging as Claim One allegations substantially identical to the claim alleged in the original complaint, viz., that defendants have a "policy" of intentionally assigning plaintiff to housing and work assignments in proximity to other inmates that are likely to assault him. Plaintiff's amended complaint alleges for the first time the specific allegation that on October 23, 2007 defendants assigned him "to Unit 9, Cell 6B, next door to Inmate Leland Ward" despite allegedly being previously advised by plaintiff that Inmate Ward had threatened to assault him, and that Inmate Ward subsequently did in fact assault plaintiff. Second Amended Complaint (#38) p 2-4.

Plaintiff did not exhaust his administrative remedies concerning his housing assignment claim prior to filing this action as required by the PLRA as interpreted by the Supreme Court decisions in Porter, Booth, and Woodford and the Ninth Circuit's opinions in Wyatt, Bennett and Vaden.

Plaintiff argues that defendants improperly refused to process his grievances. However, the restriction on grieving matters that are the subject of litigation is clearly set

_____

[2]Captioned as a "Second Amended Complaint."

forth in OAR 291-109-0140(3)(f).  Moreover, it is undisputed
that plaintiff did not appeal Superintendent Hall's response
to his grievance appeal to the next appropriate level of the
grievance process.

At any rate, the fact the plaintiff may have grieved or
attempted to grieve his concern about being housed in
proximity to Inmate Ward prior to alleging that matter in his
Amended Complaint is irrelevant.  Plaintiff's claim is that
defendants have a "policy" of housing him with dangerous
inmates. The allegations concerning Inmate Ward are construed
as alleged facts in support of plaintiff's "policy claim" and
not as an independent claim.

Plaintiff's Prayer for relief generally seeks "an
injunction enjoining defendants wrongful and unconstitutional
acts."  Second Amended Complaint (#38) p. 14.[3]

In order to obtain an injunction, plaintiff must
demonstrate that he has sustained or is immediately in danger
of sustaining some direct injury as the result of the
defendants' conduct and the injury or threat of injury must be

---

[3]Defendants' have not specifically addressed plaintiff's
request for injunctive relief. The exhaustion of remedies
argument/defense would not seem to apply to a request for
prospective injunctive relief.

both "real and immediate" not "conjectural" or "hypothetical."
City of Los Angeles v. Lyons, 461 U.S. 95, 102 (1983). A
plaintiff must show that "he is realistically threatened by a
repetition of [the violation]." Id. at 109; see also, Truth
Inc. v. Kent School District, 534 F.3d 957 (2008).

In this case the record reflects that defendants have
been responsive to plaintiff's concerns about threats to his
safety and have taken appropriate steps, including
transferring plaintiff to a different institution, to
minimize or eliminate possible assaults on plaintiff from
other inmates. The record also reflects that plaintiff has not
been willing to specifically identify other individuals who
have allegedly threatened him.

Prisons are inherently dangerous places and defendants
cannot, of course, guarantee plaintiff's safety. However,
plaintiff has not demonstrated a real or immediate threat to
his safety *as a result* of defendants' conduct concerning
plaintiff's housing placement. Therefore, plaintiff has
failed to establish entitlement to injunctive relief as to his
Claim One.

In addition, plaintiff's Claim One alleges that his
rights have been violated by defendants' "policy" of assigning

9 - ORDER

him to housing that threatens his safety. The record reflects that housing assignments at TRCI are made by a computer. Therefore, it appears that plaintiff's claim fails as a factual matter.

Based on all of the foregoing, defendants' Motion to Dismiss (#66) is allowed.

As noted above, failure to exhaust administrative remedies is a matter in abatement and the proper procedure is dismissal without prejudice. Wyatt v. Terhune, supra. Dismissal without prejudice doesn't seem to make sense under the circumstances of this case. However, plaintiff could file another claim based on his housing assignment or defendants' alleged failure to protect him from assault from other inmates, and properly exhaust his remedies. Therefore, I will rule that the dismissal is without prejudice.

IT IS SO ORDERED

DATED this 21 day of August, 2008.

Thomas M. Coffin
United States Magistrate Judge

10 - ORDER